IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

| | | |
|---|---|---|
| CITY SELECT AUTO SALES, INC, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-04595-NLH-JS |
| | ) | |
| BMW BANK OF NORTH AMERICA, INC., BMW FINANCIAL SERVICES NA, LLC, CREDITSMARTS CORP., and JOHN DOES 1-12, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS**

## TABLE OF CONTENTS

I.      Background of the litigation. ................................................................. 1

II.     Summary of the settlement. ................................................................. 3

III.    The Court should preliminarily approve the settlement. ................................ 8

IV.     At final approval, Class Counsel will ask the Court to approve Class Counsel's fees and expenses, and an award to Plaintiff, pursuant to the Agreement. .......................................................... 13

V.      Notice to the Settlement Class. ........................................................... 17

VI.     The parties request a final fairness hearing. ............................................ 19

VII.    Conclusion. ...................................................................................... 20

        CERTIFICATE OF E-FILING AND SERVICE .......................................... 21

## TABLE OF AUTHORITIES

**Cases**

*A & L Industries, Inc. v. P. Cippollini, Inc.*,
   Civ. Action No. 12-07598, 2013 WL 5503303 (D. N.J. Oct. 2,
   2013) .............................................................................................................. 10

*American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*,
   757 F.3d 540 (6th Cir. 2014) ..................................................................... 10, 15

*Avio Inc. v. Creative Office Solutions, Inc.*,
   10-cv-10622 (E.D. Mich. Dec. 10, 2012) .......................................................... 16

*Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*,
   Case No. 11 CV 11, 2015 WL 12866997 (D. N.J. Jan. 26, 2015) ..................... 15

*Bernhard v. TD Bank, N.A.*,
   Case No. 08-4392, 2009 WL 3233541 (D. N.J. Oct. 5, 2009) ....................... 8, 11

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) .................................................................................... 14, 15

*Brady v. Air Line Pilots Ass'n*,
   627 Fed. Appx. 142 (3d Cir. 2015) .................................................................... 17

*Bridging Communities Inc. v. Top Flite Financial Inc.*,
   843 F.3d 1159 (6th Cir. 2016) ........................................................................... 10

*CE Design, Ltd. v. Cy's Crabhouse North, Inc.*,
   259 F.R.D. 135 (N.D. Ill. 2009), *app. denied* (7th Cir. Sept. 9,
   2009) .................................................................................................................. 10

*City Select Auto Sales Inc. v. BMW Bank of North America*,
   867 F.3d 434 (3d Cir. 2017) .................................................................... 2, 10, 12

*City Select Auto Sales, Inc. v. David Randall Assocs., Inc., et al*,
   296 F.R.D. 299 (D. N.J. 2013) ........................................................................... 10

*Compressor Engineering Corp. v. Charles J. Thomas-Chicken Shack*,
   No. 10-cv-10059 (E.D. Mich. 2015) ................................................................... 10

*Cook v. Niedert, et al.*,
  142 F.3d 1004 (7th Cir. 1998) .......................................................................... 17

*Doherty v. Hertz Corp.*,
  Case No. 10-359, 2014 WL 2916494 (D. N.J. June 25, 2014) ......................... 14

*Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*,
  No. 10-10620, 2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) ......................... 10

*Florin v. Nationsbank of Georgia, N.A.*,
  34 F.3d 560 (7th Cir. 1994) ............................................................................. 13

*G.M. Sign, Inc. v. Finish Thompson, Inc.*,
  08 C 5953 (N.D. Ill. Nov. 1, 2010) .................................................................... 16

*G.M. Sign, Inc. v. Finish Thompson, Inc.*,
  No. 07 CV 5953, 2009 WL 2581324 (N.D. Ill. Aug. 20, 2009) ......................... 10

*G.M. Sign, Inc. v. Group C. Communications, Inc.*,
  08 CV 4521, 2010 WL 744262 (N.D. Ill. Feb. 25, 2010) .................................. 10

*Green v. Serv. Master On Location Servs. Corp.*,
  No. 07 C 4705, 2009 WL 1810769 (N.D. Ill. June 22, 2009) ........................... 10

*Hawk Valley, Inc. v. Taylor*,
  Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) ............................................. 15, 17

*Hawk Valley, Inc. v. Taylor*,
  301 F.R.D. 169 (E.D. Pa. 2014) ....................................................................... 10

*Hinman v. M and M Rental Center, Inc.*,
  545 F. Supp. 2d 802 (N.D. Ill. 2008) ............................................................... 10

*Imhoff Inv., L.L.C. v. Sammichaels, Inc.*,
  Case No. 10-10996, 2012 WL 4815090 (E.D. Mich. Oct. 1, 2012), ...... 10, 15, 17

*In re Austrian and German Bank Holocaust Litig.*,
  80 F. Supp. 2d 164 (S.D. N.Y. 2000) ............................................................... 11

*In re Baby Prods. Antitrust Litig.*,
  708 F.3d 163 (3d Cir. 2013) ............................................................................ 14

*In re General Motors*,
  55 F.3d 768 (3d Cir. 1995) ................................................................................ 8

*In re Initial Pub. Offering Sec. Litig.*,
    226 F.R.D. 186 (S.D.N.Y.2005) ........................................................................... 8

*In re Nasdaq Mkt. Makers Antitrust Litig.*,
    176 F.R.D. 99 (S.D.N.Y.1997) ......................................................................... 8, 9

*In re Prudential Ins. Co. America Sales Litig.*,
    148 F.3d 283 (3d Cir. 1998) ............................................................................ 13

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005) ............................................................................ 13

*Jackson's Five Star Catering, Inc. v. Beason*,
    Case No. 10-10010 (E.D. Mich. Apr. 20, 2011)................................... 10, 15, 17

*Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*,
    639 Fed. Appx. 880 (3d Cir. 2016) ............................................................ 14, 15

*Maher v. Zapata Corp.*,
    714 F. 2d 436 (5th Cir. 1983) ......................................................................... 18

*Masters v. Wilhelmina Model Agency, Inc.*,
    473 F.3d 423 (2d Cir. 2007) ............................................................................ 14

*McCoy v. Health Net, Inc.*,
    569 F. Supp. 2d 448 (D. N.J. 2008)................................................................ 17

*Paldo Sign v. Topsail*,
    No. 08 C 5959, 2010 WL 4931001 (N.D. Ill. Nov. 29, 2010) ........................... 10

*Ramey v. Cincinnati Enquirer, Inc.*,
    508 F.2d 1188 (6th Cir. 1974) ........................................................................ 13

*Sadowski v. Med1 Online, LLC*,
    No. 07 C 2973, 2008 WL 2224892 (N.D. Ill. May 27, 2008)........................... 10

*Saf-T-Gard International, Inc. v. Seiko Corp. of America*,
    No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) ......................................................... 16

*Sandusky Wellness Center, LLC v. Heel, Inc.*,
    12-cv-1470 (N.D. Ohio Apr. 25, 2014)..................................................... 15, 17

*Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*,
    Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016)........................................ 15, 17

*Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*,

    Case No. 10-cv-331 (E.D. Wis. July 19, 2013) .................................................. 15

*Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*,

    Case No. 11-cv-1074, 2012 WL 262556 (N.D. Ohio Jan. 30, 2012) ................ 10

*Siding & Insulation Co. v. Combined Ins. Grp., Ltd., Inc.*,

    Case No. 11 CV 1062, 2012 WL 1425093 (N.D. Ohio Apr. 24,

    2012) ................................................................................................................ 10

*Sparkle Hill, Inc. v. Interstate Mat Corp.*,

    Case No. 11-10271, 2012 WL 6589258 (D. Mass. Dec. 18, 2012) ................... 10

*Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*,

    679 F. Supp. 2d 894 (N.D. Ill. 2010) ............................................................... 10

*The Savanna Group, Inc. v. Trynex, Inc.*,

    Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) ......................................... 15, 17

*Van Sweden, Inc. v. 101 VT, Inc.*,

    Case No. 10-cv-253 (W.D. Mich. July 30, 2015) .............................................. 15

*Wal–Mart Stores, Inc. v. Visa U.S.A.,*

    *Inc.*, 396 F.3d 96 (2d Cir. 2005) ........................................................................ 9

*Walsh v. Great Atlantic & Pacific Tea Co.*,

    726 F.2d 956 (3d Cir. 1983) ............................................................................. 18

**Statutes**

Telephone Consumer Protection Act,

    47 U.S.C. § 227 ............................................................................................ 1, 14

**Other Authorities**

Federal Practice and Procedure § 1797.6 (3d ed. 2005) ...................................... 18

Manual for Complex Litigation, Third, § 30.42 (West 1995) ................................ 9

Newberg on Class Actions § 11.41 (Fourth) (2002) ......................................... 8, 14

**Rules**

Fed. R. Civ. P. 23 (e) (2) ........................................................................................ 8

Plaintiff, City Select Auto Sales, Inc. ("Plaintiff"), on behalf of itself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests that the Court preliminarily approve the proposed class action settlement (Exhibit A) and, in support thereof, states as follows:

## I.    Background of the litigation.

Plaintiff's Complaint alleges that defendants BMW Bank of North American, Inc. and BMW Financial Services NA, LLC (collectively, the "BMW Defendants"), as well as defendant Creditsmarts Corp. ("Creditsmarts" and together, with the BMW Defendants, the "Defendants") sent unsolicited advertisements by facsimile to Plaintiff and others in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The action seeks statutory damages.

Based upon the fax broadcaster's invoices produced in discovery, Plaintiff contended that Defendants' advertisements were successfully sent by fax at least 20,000 times between September 1, 2012 and January 1, 2013 (the "Class Period"). At Creditsmarts' direction, a company named Westfax sent the faxes at issue to automobile dealers in Creditsmarts' database (the "Database"). The Database Creditsmarts produced in the litigation identifies 16,746 dealerships that were (1) added to the Database on or before the end of the Class Period and (2) have a valid telephone facsimile number in the Database. These dealerships are the Settlement Class.

Although "blast fax" class actions might appear to be relatively simple—*i.e.*, the issue of whether a defendant sent unsolicited advertisements by fax may not

1

seem complex—TCPA class action jurisprudence generally, and the issues in this case specifically, reveal "simple" to be an unfair characterization. This case, in particular, has been hard fought and required skilled and specialized lawyering. Here, the Court and the parties tackled complex issues within the context of the TCPA and Rule 23.

The Court denied Plaintiff's motion for class certification on "ascertainability" grounds regarding which dealerships were successfully sent the faxes at issue. The Third Circuit held that the ascertainability issue may be solved with individual responses from class members, and reversed and remanded for further consideration by this Court. *See City Select Auto Sales Inc. v. BMW Bank of North America*, 867 F.3d 434 (3d Cir. 2017). On remand from the Third Circuit, Plaintiff filed an amended motion for class certification.  Additionally, the BMW Defendants have vigorously contested their liability for the faxes, arguing they are not liable even if Creditsmarts is. The Court previously denied the BMW Defendants' motion for summary judgment on this issue.

Plaintiff and the BMW Defendants agreed to explore settlement possibilities, and scheduled and attended a full-day mediation with the Hon. James Epstein (Ret.) of JAMS, and participated in subsequent discussions he facilitated. The negotiation process resulted in Plaintiff and the BMW Defendants agreeing to a formal term sheet of principal terms and claim form, and then negotiating a formal, written settlement agreement under which the BMW Defendants will make $3,765,000.00 available to resolve all class claims against all of the Defendants.

Plaintiff and the BMW Defendants also drafted and agreed to forms of proposed court orders, and a proposed notice to the class, and now they submit their Agreement to the Court. The proposed settlement is fair, reasonable, and adequate, and it avoids both risks and delay in offering money to the Settlement Class now, rather than later.

Plaintiff and the BMW Defendants have agreed on all aspects of the proposed settlement except whether claiming class members should have to provide IRS Form W-9 information on their claim form for a share of the settlement. The BMW Defendants have represented that they will submit a limited response to this Motion for the Court's consideration of only this specific issue. The BMW Defendants contend that class members must provide the IRS Form-W9 information on their claim form. Plaintiff disagrees. The parties have agreed to honor the Court's preference on this claims issue, as discussed below.

## II. Summary of the settlement.

If approved by the Court after notice to the Settlement Class, the proposed settlement would resolve any and all claims about Defendants' facsimiles sent during the four-month Class Period (September 1, 2012 to January 1, 2013). The Agreement's key terms are as follows:

    a.   <u>Certification of a Settlement Class</u>. The Parties have stipulated to certification of a Rule 23 (b) (3) "Settlement Class" defined as: "All persons in the United States that were sent a facsimile advertising the goods or services of up2drive, BMW Bank of North America, BMW Financial Services NA, LLC, or BMW of North America, LLC, transmitted by Creditsmarts on or

3

after September 1, 2012, through January 1, 2013" (the "Class Period"). Excluded from the Settlement Class are: (1) the BMW Defendants, Creditsmarts, any parent, subsidiary, affiliate, or controlled person of the BMW Defendants or Creditsmarts, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their office or firm; (3) the district and magistrate judges assigned to this Action, including their courtroom staff; (4) anyone whose claim against the Released Parties has been resolved through prior litigation; and (5) all persons who timely and validly request exclusion from the Settlement Class. *See* Agreement, <u>Exhibit A</u>, at ¶ A(22).

      b.   <u>The Class Representative and Class Counsel</u>. The parties have agreed that Plaintiff is the "Class Representative" and that attorneys Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC and Alan C. Milstein of Sherman, Silverstein, Kohl, Rose & Podolsky, P.C are "Class Counsel." *Id.* at ¶ A(6).

      c.   <u>The Settlement Amount</u>. The BMW Defendants have agreed to make up to $3,765,000.00 (the "Settlement Amount") available to fund the settlement. The Settlement Amount will pay class member claims, an incentive payment to the Class Representative (subject to Court approval), and pay attorneys' fees and expenses to Class Counsel (subject to Court approval). The BMW Defendants will not relinquish control of any money

until payments are due. Any portion of the Settlement Amount that is not paid to claiming class members, to the Class Representative, or to Class Counsel shall be kept by the BMW Defendants. The BMW Defendants shall not be responsible for any payments or obligations other than those specified in the Agreement. *Id.* at C(1).

   d.   <u>Class Notice</u>. The parties have agreed to notify the Settlement Class about the settlement both by facsimile and by U.S. Mail, and also by publishing the notice and claim form on the Settlement Administrator's website. The notice includes instructions about opting out, objecting, or submitting a claim form by fax or mail or electronically to the Settlement Administrator and includes Class Counsel's direct dial telephone numbers for people to call with questions. *Id.*, ¶ E and Exhibits B(1 and 2), D(1 and 2), and F(1 and 2) thereto.

   e.   <u>Claims</u>.

      (i)   <u>Claim Form</u>. A person must identify himself/herself/itself as the owner/holder of one or more of the involved fax numbers during the Class Period to claim relief from the Settlement Amount. The class notice includes a simple, one-page claim form for submitting such claims for payment. The claim form begins on the third page of the Notices (Exhibits B(1 and 2) and D(1 and 2) to the Settlement Agreement). To submit a claim, a person must affirm on the claim form that a fax number identified in the Database was that person's fax

number during the Class Period. As discussed, Plaintiff and the BMW Defendants disagree about whether it should be necessary to provide IRS Form W-9 information and have therefore submitted two alternate versions of the notices and the claim form. The parties have agreed to be bound by the Court's decision about which version to send; the version that requires social security numbers/tax ID numbers, or the version that does not.

A person submitting a timely and valid Claim Form will be mailed a payment of $145.00, or a lower *pro rata* share of the Settlement Amount if necessary after the other required payments are subtracted. Claims for 16,690 of the fax numbers in the Database (99.7%) would have to be submitted before there would be any reduction in the $145 payments. A claimant need not possess any copy of the fax at issue, need not remember receiving the fax at issue, and need not know anything about any of the Defendants. Rather, a claimant must merely identify himself/herself/itself as a member of the Settlement Class by verifying ownership or use of one or more targeted fax numbers during the Class Period.  *Id.*, ¶ F and Exhibits B(1 and 2) and D(1 and 2) thereto.

(ii)     Settlement Administrator. Subject to the Court's approval, the parties have agreed to retain the services of a company named Class-Settlement.com to be the "Settlement Administrator."

6

The Settlement Administrator will issue the class notice, maintain the settlement website, assist class members upon request in completing and submitting forms, receive the claim forms, provide a list of approved and rejected claims to counsel for the parties, and issue the payments. The parties have agreed to work in good faith to resolve any objection any particular claim (*e.g.*, late submissions, insufficient information, and indicia of fraud), but have agreed to submit any disputes to the Court. *Id.*, ¶ D.

f.     Class Members' Right to Object to the Settlement or Request Exclusion.   Any member of the Class may seek to be excluded from the Agreement and the settlement by requesting exclusion from the Class within the time period set by this Court.  Any member who opts out shall not be bound by any orders in this case or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

g.     Release. The Settlement Class will release all claims that were brought or which could have been brought in this action against Defendants and the other released parties about the facsimiles sent by Defendants during the Class Period (September 1, 2012, through January 1, 2013). *Id.*, ¶ 14.

h.     Attorney's Fees and Expenses, and Class Representative Award. At the final approval hearing, as indicated in the class notice, Class Counsel will apply to the Court to approve an award of attorney's fees equal to 33.2% of the Settlement Amount ($1,250,000), plus reasonable out-of-pocket

expenses not to exceed $80,000.00 (including the cost of the Settlement Administrator), to Class Counsel. Class Counsel will also ask the Court to approve an award of $15,000 to Plaintiff from the Settlement Amount for serving as the Class Representative. *Id.*, ¶ H.

## III.   The Court should preliminarily approve the settlement.

"The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *In re General Motors*, 55 F.3d 768, 784 (3d Cir. 1995); *see also* NEWBERG ON CLASS ACTIONS § 11.41 (Fourth) (2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy."). Under Federal Rule of Civil Procedure 23(e), approval of a class settlement is appropriate if the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (2).

"Review of a proposed class action settlement is a two-step process: preliminary approval and a subsequent fairness hearing." *Bernhard v. TD Bank, N.A.*, Case No. 08-4392, 2009 WL 3233541 at *1 (D. N.J. Oct. 5, 2009), *citing In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y.2005). "Courts make a preliminary evaluation of the fairness of the settlement prior to directing that notice be given to members of the settlement class." *Id.*, *citing In re Nasdaq Mkt. Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y.1997). "Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Id.*, *citing Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (quoting MANUAL FOR COMPLEX LITIGATION, THIRD, § 30.42 (West 1995)) ("A 'presumption of fairness, adequacy, and reasonableness may attach to a class

8

settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.' "); *In re Nasdaq Mkt. Makers Antitrust Litig.*, 176 F.R.D. at 102 (quoting Manual for Complex Litigation, Third, § 30.41 (West, 1995)) ("Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.").

New Federal Rule 23 (e) (2), which went into effect December 1, 2018, requires that: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Here, the settlement satisfies all of these factors.

Plaintiff's attorneys are very experienced in TCPA and class action matters and they believe this settlement is fair, reasonable, and adequate to the Class.[1]

---

[1]    Plaintiff's attorneys have litigated TCPA class actions since 2003. Courts have appointed them as lead class counsel in many TCPA cases, in addition to other types of class actions. *See, e.g., City Select Auto Sales, Inc. v. David Randall*

They negotiated the settlement only after significant discovery, merits and class certification briefing, and an appeal to the Third Circuit, and after considering the legal and factual issues remaining in the case, the risks and expenses involved in pursuing the lawsuit to conclusion, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals.

---

*Assocs., Inc., et al*, 296 F.R.D. 299 (D. N.J. 2013), *pet. for leave to appeal denied*, 14-8001 (3rd Cir. Mar. 20, 2014); *A & L Industries, Inc. v. P. Cippollini, Inc.*, Civ. Action No. 12-07598, 2013 WL 5503303 (D. N.J. Oct. 2, 2013), *reconsideration denied*, 2013 WL 6145766 (D. N.J. Nov. 21, 2013), *pet. for leave to appeal denied*, 13-8094 (3rd Cir. Mar. 20, 2014); *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169 (E.D. Pa. 2014), *pet. for leave to appeal denied*, 14-8039 (3rd Cir. May 8, 2014); *Bridging Communities Inc. v. Top Flite Financial Inc.*, 843 F.3d 1159 (6th Cir. 2016); *American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540 (6th Cir. 2014); *Compressor Engineering Corp. v. Charles J. Thomas-Chicken Shack*, No. 10-cv-10059 (E.D. Mich. 2015); *Sparkle Hill, Inc. v. Interstate Mat Corp.*, Case No. 11-10271, 2012 WL 6589258 (D. Mass. Dec. 18, 2012); *Imhoff Inv., L.L.C. v. Sammichaels, Inc.*, Case No. 10-10996, 2012 WL 4815090 (E.D. Mich. Oct. 1, 2012), *appeal denied*, 2013 WL 1760353 (6th Cir. Apr. 25, 2013); *Siding & Insulation Co. v. Combined Ins. Grp., Ltd., Inc.*, Case No. 11 CV 1062, 2012 WL 1425093 (N.D. Ohio Apr. 24, 2012); *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, Case No. 11-cv-1074, 2012 WL 262556 (N.D. Ohio Jan. 30, 2012); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-10010 (E.D. Mich. Apr. 20, 2011); *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, No. 10-10620, 2010 WL 5439737 (E.D. Mich. Dec. 27, 2010); *CE Design, Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009), *app. denied* (7th Cir. Sept. 9, 2009); *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802 (N.D. Ill. 2008), *app. denied* (08-8012) (7th Cir. Jun 13, 2008); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07 CV 5953, 2009 WL 2581324 (N.D. Ill. Aug. 20, 2009); *G.M. Sign, Inc. v. Group C. Communications, Inc.*, 08 CV 4521, 2010 WL 744262 (N.D. Ill. Feb. 25, 2010); *Green v. Serv. Master On Location Servs. Corp.*, No. 07 C 4705, 2009 WL 1810769 (N.D. Ill. June 22, 2009); *Paldo Sign v. Topsail*, No. 08 C 5959, 2010 WL 4931001 (N.D. Ill. Nov. 29, 2010); *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892 (N.D. Ill. May 27, 2008); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 679 F. Supp. 2d 894 (N.D. Ill. 2010). *See also City Select Auto Sales, Inc. v. BMW Bank of North America, Inc.*, 867 F.3d 434 (3d Cir. 2017) (reversing denial of certification). Additionally, Plaintiff's counsel have successfully negotiated numerous class-wide settlements in TCPA cases.

10

The settlement resulted from a full day of mediation with a retired trial and appellate court judge known to have mediated other TCPA class action settlements, and after ensuing, protracted negotiations over the settlement terms. When a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair. *Bernhard v. TD Bank, N.A.*, Case No. 08-4392, 2009 WL 3233541 at *1 (D. N.J. Oct. 5, 2009). Here, the parties' Agreement resulted from extended, arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case, and with the assistance of a professional mediator.

Class action litigation is time consuming in terms of both pretrial and trial work. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S.D. N.Y. 2000). This case is no exception. Defendants denied liability and the BMW Defendants contend they have agreed to settle only to avoid the distraction and expense of defending protracted litigation and exposure to higher liability. There are risks attendant to further litigation in this matter, and substantial delay and expense.

The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500 in damages for each junk fax, or (iii) obtain both. 47 U.S.C. 227(b)(3). If a court finds that the sender willfully or knowingly violated the TCPA, it may increase the award

up to three times the amount of damages. The statute does not provide attorney fee shifting.

Here, the Settlement offers each person who used or owned on of the fax numbers targeted by the faxes at issue, who does not opt-out of the settlement, and who submits a timely and valid claim form a payment of $145 (29% of $500), plus attorney's fees paid to Class Counsel for making the $145 available. The Settlement Amount offers a total of roughly 37% of the statutory damages that would be available if Plaintiff were to succeed in convincing the Court to certify the class (and the Third Circuit did not modify it on interlocutory appeal), establishing damages in the amount of $500 times the number of faxes shown in the fax broadcasting invoices, and collecting from Defendants. The members of the class are treated equally under the settlement.

Because there are no records identifying exactly who received the faxes, it is questionable whether Defendants would ultimately be compelled to pay a sum of $500 times the number of faxes at issue. Indeed, had the case proceeded through litigation, the class certified, and judgment entered, the Third Circuit suggested that an affidavit of receipt of one of Defendants' faxes could be required before a class member receives payment. *City Select*, 867 F.3d at 441-42. Under the settlement, class members can claim a share of the settlement fund merely by confirming that they are one of the potential targets of the faxes (*i.e.* one or more of their fax numbers was listed in the Database during the Class Period), without having to remember—or declare—receiving one in 2012.

The decision to settle is reasonable considering the risks of continued litigation. This was a hard-fought case with clear indication that the remaining litigation would be contentious. Then, the parties would likely litigate one or more appeals. In addition to the risk of losing, continued litigation would delay the class members' receipt of any recovery. Based upon the foregoing, and the judgment of experienced class counsel, Plaintiff requests that the Court preliminarily approve the settlement.

## IV.   At final approval, Class Counsel will ask the Court to approve Class Counsel's fees and expenses, and an award to Plaintiff, pursuant to the Agreement.

At final approval, Class Counsel will request that the Court approve a payment of attorneys' fees equal to one-third of the Settlement Amount. It is well recognized that the attorneys' contingent risk is an important factor in determining the fee award. *E.g., Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974); *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994).

The attorneys who create a benefit for the class members are entitled to compensation for their services. The Third Circuit has explained that "[t]he percentage-of-recovery method is generally favored in common fund cases because it allows courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'" *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005) (quoting *In re Prudential Ins. Co. America Sales Litig.*, 148 F.3d 283, 312 (3d Cir. 1998), *cert. denied*, 525 U.S. 1114 (1999).

In *Boeing Co. v. Van Gemert,* 444 U.S. 472, 480 (1980), the Supreme Court

stated that the right of absentee class members "to share the harvest of the lawsuit upon proof of their identity, whether or not they exercise it, is a benefit in the fund created by the efforts of the class representatives and their counsel." "[T]he criteria are satisfied when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump–sum judgment recovered on his behalf." *Boeing*, 444 U.S. at 479. *See Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*, 639 Fed. Appx. 880, 883-84 (3d Cir. 2016); *Doherty v. Hertz Corp.*, Case No. 10-359, 2014 WL 2916494 at *6-7 (D. N.J. June 25, 2014) ("The Court finding, based on Plaintiffs' supplemental briefing, that the law supports an award of reasonable attorney's fees to Class Counsel based on the gross settlement—the monies potentially available to be claimed—without regard to the amount actually claimed by Class Members."), *citing Boeing* and *In re Baby Prods. Antitrust Litig.,* 708 F.3d 163, 177 (3d Cir. 2013).

Fee awards are based upon the entire fund available to be claimed, even when the entire fund is not claimed by class members and the unclaimed remainder reverts to the defendant. *Id. See Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007) ("The entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class. An allocation of fees by percentage should therefore be awarded on the basis of the total funds made available, whether claimed or not."). *See also* 4 Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 14:6, p. 570 (4th ed. 2002) (stating that *Boeing* settled the issue of whether the benchmark common fund amount for fee

award purposes is made up of the amount claimed by class members or the amount potentially available to class members by ruling that class counsel are entitled to a reasonable fee based on the funds potentially available to be claimed, regardless of the amount actually claimed).

Here, Class Counsel's request for 33.2% of the Settlement Amount is within the market rate for TCPA cases. *See, e.g., Skinder-Strauss*, 639 Fed. Appx. 880 (awarding one third of fund); *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, Case No. 11 CV 11, 2015 WL 12866997 (D. N.J. Jan. 26, 2015) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Battani, J.) (Doc. 120) (same); *American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich. Mar. 1, 2016) (Doc. 278) (same); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Van Sweden, Inc. v. 101 VT, Inc.*, Case No. 10-cv-253 (W.D. Mich. July 30, 2015) (Doc. 245) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Tarnow, J.) (Doc. 90) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same); *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, Case No. 10-cv-331 (E.D. Wis. July 19, 2013) (Doc. 59) (35% of fund); *Avio Inc. v. Creative Office Solutions, Inc.*, 10-cv-10622 (E.D. Mich. Dec. 10, 2012) (Roberts, J.) (Doc. 31) (one third of

fund); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953 (N.D. Ill. Nov. 1, 2010) (Doc. 146) (same); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Doc. 100) (same).

Class Counsel undertook this case on a contingency basis and achieved an excellent result in a fair and efficient manner. Obviously, the purpose of a class action lawsuit is to provide a benefit to class members, not to litigate for the sake of litigating. Class Counsel delivered significant benefits to the Settlement Class in the face of numerous potentially fatal obstacles. Tested by the potential infirmities of the case itself, there is little doubt that Class Counsel undertook a significant risk here and the fee award should reflect that risk. Class Counsel faced a significant risk of nonpayment, not only for their time but also for their out-of-pocket costs.

The Class Notice informs the Settlement Class about the agreed and requested attorneys' fees and expenses, so that if any class member wishes to object, he/she/it can do so. If the Court finds that the settlement is fair, reasonable, and adequate, then Class Counsel will ask the Court to approve the payment of fees to Class Counsel in an amount equal to 33.2% of the Settlement Amount, plus out of pocket litigation expenses.

At final approval, Class Counsel will also request that the Court approve payment of $15,000 to Plaintiff from the Settlement Amount for serving as the Class Representative. Such awards are appropriate to reward class representatives who have pursued claims on behalf of the class. *Brady v. Air Line Pilots Ass'n*, 627

16

Fed. Appx. 142, 145 (3d Cir. 2015); *McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448, 479-80 (D. N.J. 2008) (approving $60,000 incentive award and citing cases). "In deciding whether such an award is warranted, relevant factors include the actions the Plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the Plaintiff expended in pursuing the litigation." *See Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Here, Plaintiff was a catalyst for the Settlement Class's recovery. Plaintiff filed and pursued the action. Plaintiff responded to discovery and stayed involved and informed. Its effort greatly benefited the Settlement Class.

Other courts have approved similar awards in TCPA cases. *See, e.g., Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Doc. 120) ($15,000.00); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Doc. 90) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same).

## V. Notice to the Settlement Class.

The parties propose to issue notice to the Settlement Class by both facsimile and by U.S. Mail, as explicitly approved by new Rule 23(c)(2)(B). Additionally, both

the Notice and Claim Form will be available on the Settlement Administrator's website. A copy of the proposed notice is attached as Exhibit 2 to the Agreement.

Under federal law, notice of the settlement must satisfy due process. *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983); *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983). The Court is vested with wide discretion both as to the way notice is given and its content. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005). Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a reasonable manner."

Here, the parties have agreed to a reasonable manner of notice by sending it by facsimile to the fax numbers in the Database and by U.S. Mail to the names and addresses in the Database. The simple, one-page claim form will be delivered with the notice, so that members of the Settlement Class may complete it and return it by fax, mail, or electronic upload to the Settlement Administrator. The notice and the claim form were written with the goals of clarity and encouraging claims by class members.

As noted above, Plaintiff and the BMW Defendants have provided the Court with two versions of the notices and claim form. The only difference is that the BMW Defendants want the Court to require claimants to provide a tax ID number or social security number in order to receive payment. Plaintiff believes that such a requirement is unnecessary and therefore not worth any risk of discouraging claims from claimants wary of providing such information. A tax ID number or social security number is necessary in a circumstance where a payer must file a federal W-

18

9 form, but that is the case only where the payment is at least <u>$600</u>. https://www.irs.gov/businesses/small-businesses-self-employed/forms-and-associated-taxes-for-independent-contractors, accessed on November 9, 2018. As such, Plaintiff respectfully requests that the Court order the parties to use the versions of the notice and the claim form (Exhibits A-2, B-2, and D-2) that do not require provision of a tax ID or social security number by entering the preliminary approval order attached to the Agreement as Exhibit E-2.

The contents of the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c) (3)." Here, the notice satisfies these requirements.

The notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). Therefore, Plaintiff respectfully requests that the Court approve the proposed notice and authorize its dissemination to the Class by fax and by U.S. Mail.

## VI. The parties request a final fairness hearing.

Plaintiff respectfully requests that the Court schedule a final hearing to determine whether the settlement should be finally approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit C to the Agreement. The class members would be notified of this hearing and it would afford them an opportunity to voice their objection to the settlement, if any.

## VII.  Conclusion.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Preliminary Approval Order in the form attached as Exhibit E to the Agreement, granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement through facsimile and U.S. Mail, and setting dates for opt-outs, objections, and a final approval hearing. The final approval hearing should be on a date no sooner than 90 days after the government officials receive the notice required by CAFA. 28 U.S.C. § 1715(d).

Respectfully submitted,

CITY SELECT AUTO SALES, INC.,
individually and as the representative
of a class of similarly-situated persons,

By:      /s/ Alan C. Milstein

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500

Alan C. Milstein
SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.
East Gate Corporate Center
308 Harper Dr., Ste. 200
Moorestown, N 08057
Telephone: 856/662-0700

20

## CERTIFICATE OF E-FILING AND SERVICE

I hereby certify that on February 20, 2019, I electronically filed the foregoing using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.


/s/ Alan C. Milstein