UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., a New Jersey corporation, individually and as the representative of a class of similarly situated persons,<br><br>        Plaintiff,<br><br>    v.<br><br>BMW BANK OF NORTH AMERICA, INC., BMW FINANCIAL SERVICES NA, LLC, CREDITSMARTS CORP., and JOHN DOES 1-12,<br><br>        Defendants. | Civil No. 13-4595 (NLH/JS)<br><br>**ORDER** |

**HILLMAN**, District Judge

    This matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class in the case entitled <u>City Select Auto Sales, Inc. v. BMW Bank of North America, Inc. et al.</u>, United States District Court for the District of New Jersey, Case No. 1:13-cv-04595-NLH-JS (the "Action"). The Action was brought by plaintiff City Select Auto Sales, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, against defendants BMW Bank of North America and BMW Financial Services NA, LLC (together, the "BMW Defendants" and together, with Plaintiff, the "Parties") and Creditsmarts Corp. Based on this Court's review of the Parties' Settlement

Agreement and Release (the "Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, the BMW Defendants' Opposition to the Motion, Plaintiff's Reply, and the arguments of counsel, the Court hereby **FINDS** and **ORDERS** as follows:

   1.   Settlement Terms.  Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

   2.   Jurisdiction.  The Court has jurisdiction over the subject matter of the Action, the Parties, and all members of the Settlement Class.

   3.   Scope of Settlement.  The Agreement resolves all claims alleged in the Class Action Complaint filed in the Action on July 30, 2013.  See Dkt. No. 1.

   4.   Preliminary Approval of Proposed Settlement.  The Court has conducted a preliminary evaluation of the proposed settlement ("Settlement") as set forth in the Agreement. Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, in light of the factual, legal, practical, and procedural considerations raised by this case, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Motion the Court finds that: (a) the Settlement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement has been negotiated in good faith at arm's length between experienced

attorneys familiar with the legal and factual issues of this case; (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration, that notice provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and (d) with respect to the proposed notice plan, that the notice program constitutes the best notice practicable under the circumstances.  Therefore, the Court grants preliminary approval of the Settlement.

    5.    <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons in the United States that were sent a facsimile advertising the goods or services of up2drive, BMW Bank of North America, BMW Financial Services NA, LLC, or BMW of North America, transmitted by Creditsmarts on or after September 1, 2012, through January 1, 2013.

Excluded from the Settlement Class are: (1) the BMW Defendants, Creditsmarts, any parent, subsidiary, affiliate, or controlled person of the BMW Defendants or Creditsmarts, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their office or firm;

3

(3) the district and magistrate judges assigned to this Action, including their courtroom staff; (4) anyone whose claim against the Released Parties has been resolved through prior litigation; and (5) all persons who timely and validly request exclusion from the Settlement Class.

6. In connection with this conditional certification, the Court makes the following preliminary findings:

   (a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

   (b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

   (c) Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

   (d) Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

   (e) For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual members of the Settlement Class.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. <u>Class Representative</u>.  The Court appoints the named Plaintiff to act as a representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>.  The Court appoints Bock, Hatch, Lewis & Oppenheim, LLC and Sherman, Silverstein, Kohl, Rose & Podolsky, P.C. as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. <u>Final Approval Hearing</u>.  On December 16, 2019 at 3:30 PM, in Courtroom 3A of the U.S. District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement.

10. <u>Settlement Administrator</u>.  The Court hereby appoints Class-settlement.com as the Settlement Administrator.

11. <u>Class Notice</u>.  The Court approves the claim form proposed by Plaintiff and the proposed plan for giving notice to the Settlement Class directly (by facsimile and mail) and through establishment of a Settlement Website, as more fully described in Plaintiff's Motion and the Agreement ("Notice

Plan"). The Court having reviewed the briefing of the parties on the issue of whether Defendants would be required to submit a Form W-9 to the Internal Revenue Service ("IRS") as a result of this settlement, hereby finds:

(a) If the settlement moves forward as proposed under the Agreement, Defendants will not be considered a "payor" under 26 U.S.C. § 3406(h)(4) with respect to members of the Settlement Class because the Settlement Administrator will make the payment to the Settlement Class.

(b) Because Defendants cannot be considered a "payor," Defendants are not "required to file a return" as contemplated in 26 U.S.C. § 3604(h)(4).

(c) It appears the Settlement Administrator need not, if it does not pay more than $600 in aggregate over the course of one year, provide the IRS with Form W-9 and therefore need not collect social security numbers or tax identification numbers from the members of the Settlement Class. See 26 U.S.C. § 6041(a) (stating that aggregate payments not in excess of $600 over the course of one year are not reportable).

(d) The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.

(e)  The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than July 22, 2019, which is fourteen (14) days after entry of this Order ("Notice Deadline").

12.  The Settlement Administrator will file with the Court by no later than December 2, 2019, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

13.  <u>Opt-Out and Objection Deadline</u>.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by September 23, 2019, which is sixty (60) days after the Notice Deadline.  Persons in the Settlement Class may not both object and opt-out.  If a person both requests to opt-out and objects, the request to opt-out will control.

14.  <u>Exclusion from the Settlement Class</u>.  To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline.  Exclusion requests must include: (i) the full name of the company or individual identified as a Settlement Class Member and that Settlement Class Member's address; (ii) the facsimile number owned or used by the Settlement Class Member

7

during the Class Period; (iii) the following statement: "I request to be excluded from the settlement in the City Select action and have authority to make this request" or a substantially similar statement that unambiguously communicates a desire to be excluded from the Settlement; and (iv) for mailed opt-out requests, the Settlement Class Member's signature, and for opt-out requests submitted via the Settlement Website, the Settlement Class Member's electronic signature.  Exclusion requests must be signed by a representative of the Settlement Class Member who is authorized to request the exclusion.  No request for exclusion will be valid unless timely submitted and all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.  All Settlement Class Members who do not opt-out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

     15.   The Settlement Administrator will retain a copy of all requests for exclusion.  Not later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator will file with the Court, if possible under seal, a declaration that lists all of the exclusion requests received.

16. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person. However, if a person in the Settlement Class submits both an exclusion request and a claim form, the claim form will control and the person will be considered a Settlement Class Member.

17. All Settlement Class Members who do not opt-out in accordance with the terms set forth herein will be bound by all determinations and judgments concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

18. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (i) Class Counsel – Bock, Hatch, Lewis & Oppenheim, LLC, 134 N. La Salle St., Ste. 1000, Chicago, Illinois 60602; and (ii) the BMW Defendants' Counsel – Arjun P. Rao, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067. In connection with an objection, the Settlement Class Member must: (i) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement

9

Class Member; (ii) include a statement of such Settlement Class Member's specific objections; (iii) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider; and (iv) list all class actions in which the objector or its counsel have filed objections. The Court will not consider an objection unless the objection is filed with the Court, mailed to Class Counsel and the BMW Defendants' Counsel, includes all of the foregoing information, and the objector attends the Final Approval Hearing personally or through counsel.

19.   Any Settlement Class Member who fails to timely comply with Paragraph 18 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding.

20.   <u>Stay of Other Proceedings</u>.  Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

21.   Pending the final determination of whether the Settlement should be approved, Plaintiff and the Settlement Class are enjoined from commencing, pursuing, maintaining,

enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties.  Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated.

22.   If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the *status quo* as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, the BMW Defendants or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

23.   <u>No Admission of Liability</u>.  The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence

11

of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by the BMW Defendants, or the truth of any of the claims.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

24.   <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

25. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **July 22, 2019**<br>[14 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **November 22, 2019**<br>[120 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| **September 23, 2019**<br>[60 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **December 2, 2019**<br>[14 Days Prior to Final Approval Hearing] | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| **December 16, 2019 at 3:30 PM**<br>[No earlier than 90 days from the provision of CAFA notice and the Opt-Out and Objection Deadline, whichever is later] | Final Approval Hearing |

Date: <u>July 8, 2019</u>            <u>s/ Noel L. Hillman</u>
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

13