IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

| | |
|---|---|
| CITY SELECT AUTO SALES, INC, individually and as the representative of a class of similarly-situated persons,<br><br>           Plaintiff,<br><br>    v.<br><br>BMW BANK OF NORTH AMERICA, INC., BMW FINANCIAL SERVICES NA, LLC, and CREDITSMARTS CORP.,<br><br>           Defendants. | No. 13-cv-04595-NLH-JS<br><br>Assigned to the Hon. Noel L. Hillman<br><br>M.J. Joel Schneider |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff, City Select Auto Sales, Inc. ("Plaintiff"), on behalf of itself and the class of similarly-situated persons (the "Settlement Class") submits this supplemental memorandum pursuant to the Court's December 17, 2019, Order (Doc. 168) and the discussion on the record during the December 16, 2019, final approval hearing.

As the Court observed at the hearing, this litigation was lengthy and hard fought. Plaintiff filed the action in 2013. During the initial discovery phase, Plaintiff took six depositions of various defense and

third-party witnesses, and presented Plaintiff for deposition. Discovery led to a protracted motion battle over whether Creditsmarts' database was discoverable, leading to a hearing before Magistrate Judge Schneider on February 19, 2015.

In early 2015, Plaintiff filed its first motion for class certification and the BMW Defendants simultaneously filed a motion for summary judgment based on their level of involvement in the faxing at issue. On September 29, 2015, after they were fully briefed, the Court denied both motions. Doc. 101.

Plaintiff petitioned to appeal the Court's denial of class certification under Rule 23(f). The Third Circuit granted that petition. Doc. 105. Plaintiff then briefed and argued the appeal in the Third Circuit, and prevailed. Doc. 111.

Upon remand from the Third Circuit, Plaintiff conducted additional discovery into the Creditsmarts database, and Magistrate Judge Schneider conducted a hearing in the matter on September 21, 2017. Following the supplemental discovery, Plaintiff again moved for class certification. Doc. 122, 135.

The parties explored settlement on multiple occasions, including an unsuccessful mediation with Judge Stephen M. Orlofsky (Ret.) and an ultimately successful mediation with Judge James R. Epstein (Ret.), leading to the instant settlement. For the reasons discussed in previous briefing, Plaintiff believes that the settlement is an excellent result for the settlement class based on the various issues facing certification, judgment, and collection here.

This result could not have been achieved but for the focused and diligent work of class counsel. The Bock firm has class action experience going back to the 1990s and has been a leader and innovator in the field of TCPA class action litigation. All of the firm's attorneys focus exclusively on class actions, and since 2004 the firm has litigated hundreds of class actions like this one. Courts have certified classes and appointed Bock as class counsel in more than 70 such cases. Exhibit 1 (Firm Resume) at 6-11. The firm briefed and argued numerous appeals that shaped the relevant area of the law, including the one in this case. *Id.* at 3-5. Six attorneys account for the bulk of time devoted to this case.

Phillip Bock, the manager of the firm, oversaw all aspects of the case, including briefing, settlement negotiations and terms, and arguing

the Third Circuit appeal. Bock has argued several seminal TCPA appeals, including *Ira Holtzman, C.P.A. & Assocs., Ltd. v. Turza*, 728 F.3d 682 (7th Cir. 2013), *City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.,* 867 F.3d 434 (3d Cir. 2017), *Bridgeview Health Care Center, Ltd. v. Clark,* 816 F.3d 935 (7th Cir. 2016), *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013), and *Valley Forge Ins. Co. v. Swiderski Electronics, Inc.*, 223 Ill. 2d 352 (Ill. 2006) (establishing insurance coverage for TCPA claims).[1] As the firm resume shows, Mr. Bock has been practicing for 25 years following graduation from the University of Virginia Law School. Exhibit 1 at 13.

Jonathan Piper handled the case in the initial discovery stages, including taking six depositions and defending the class representative's deposition. He briefed and argued the motion to compel production of the Creditsmarts database, and worked on the summary judgment and class

---

[1] The firm also litigates other types of consumer class action cases. For example, Mr. Bock recently briefed and argued in the Supreme Court of Illinois for the plaintiff in *Rosenbach v. Six Flags Entm't Corp.,* 2019 IL 123186, 2019 Ill. Lexis 7 (Ill. Jan. 25, 2019), a critical decision for consumers attempting to enforce the Illinois Biometric Information Privacy Act, 740 ILCS 14.

certification briefing. Piper is a graduate of Princeton and Yale Law School and has been practicing for 32 years, most in class actions.

Robert Hatch drafted the Rule 23(f) and appellate briefs. He, too, has had a long career in class action practice. Hatch was admitted to the bar in 1990 and defended class actions at Sidley and Austin in Chicago before teaming up with Bock to prosecute class actions for the past 18 years. *Id.* at 16. Tod Lewis, who participated in drafting the class certification briefing, has practiced for 21 years, including 11 focused on TCPA class actions. *Id.* at 20. David Oppenheim handled the post-appeal discovery, drafted the amended class certification briefs, and led the plaintiff team in negotiating and realizing the settlement. He is a graduate of Yale and Harvard Law School and has been practicing for 17 years, including ten years specializing in these cases. *Id.* at 22.

Finally, local counsel Alan Milstein of Sherman Silverstein is a veteran class action attorney who provided invaluable insight and counsel throughout the case.

All told, counsel have expended more than 1,200 total hours for a lodestar of $846,685:

**Bock, Hatch, Lewis & Oppenheim:**

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| Mara Ann Baltabols (Atty) | 27.50 | 445.00 | 12,237.50 |
| Phillip A. Bock (Atty) | 126.40 | 750.00 | 94,800.00 |
| John W. Clark (Atty) | 0.20 | 245.00 | 49.00 |
| Daniel J. Cohen (Atty) | 16.60 | 730.00 | 12,118.00 |
| Molly S. Gantman (Atty) | 4.00 | 445.00 | 1,780.00 |
| Robert M. Hatch (Atty) | 135.30 | 730.00 | 98,769.00 |
| Tod A. Lewis (Atty) | 134.50 | 595.00 | 80,027.50 |
| David M. Oppenheim (Atty) | 178.80 | 695.00 | 124,266.00 |
| Jonathan B. Piper (Atty) | 480.80 | 730.00 | 350,984.00 |
| Julia L. Titolo (Atty) | 23.00 | 495.00 | 11,385.00 |
| Christopher PT Tourek (Atty) | 1.70 | 495.00 | 841.50 |
| Kimberly M. Watt (Atty) | 4.20 | 475.00 | 1,995.00 |
| Paralegal | 87.0 | $186.00 | 16,182.00 |
| Totals | 1,220 | | $805,434.50 |

Additionally, Mr. Milstein expended 55 hours at a rate of $750 per hour, for an additional $41,250 of lodestar.

The rates listed above are counsel's customary rates reflecting their concentration in this field and their successes as detailed in prior briefing. These rates are consistent with the Laffey Matrix, which has been adopted in this Circuit. *See Interfaith Community Organization v. Honeywell Int'l, Inc.*, 426 F.3d 694 (3rd Cir. 2005) (adopting Updated

6

Matrix rates as evidencing reasonable rates for litigation conducted in New Jersey District Court).

The current adjusted Laffey Matrix is available at http://www.laffeymatrix.com/see.html. It identifies reasonable current billing rates of $864 for attorneys with 20+ years' experience, $717 for attorneys with 11-19 years' experience, $636 for attorneys with 8-10 years' experience, $440 for attorneys with 4-7 years' experience, and $359 for attorneys with 1-3 years' experience.

The fee request here, were it based on counsel's lodestar as opposed to the percentage of the Settlement Fund requested, would represent a multiplier of about 1.5 ($1,250,000/$846,685). This "cross-check" provides additional support for the conclusion that Plaintiff's counsel's fee request here is fair and reasonable. "[T]he lodestar multiplier 'need not fall within any pre-defined range, provided that the District Court's analysis justifies the award.'" *In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 172-73 (3d Cir. 2006), *quoting In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 307 (3d Cir. 2005). "As a comparison, we approved of a lodestar multiplier of 2.99 in Cendant PRIDES, in a case we stated 'was neither legally nor factually complex.'" *Id.* at 173, *quoting Welch & Forbes, Inc. v. Cendant*

7

*Corp.*, 243 F.3d 722, 742 (3d Cir. 2001). *See In re Veritas Software Corp. Sec. Litig.*, 396 Fed. Appx. 815, 818-19 (3d Cir. 2010) (approving multiplier of 1.52); *In re Prudential Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1988) ("Multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.") (citation and quotation marks omitted).

In *In re Oral Sodium Phosphate Solution-Based Prods. Liab. Action*, Case No. MDL 2066, 2010 WL 5058454 (N.D. Ohio Dec. 6, 2010), the court wrote a lengthy opinion disposing of a fee motion in a class action settlement. The court examined 1,120 class settlements nationwide and found that "the courts' effective multipliers averaged ... 3.89 across all 1,120 cases." *Id.* at *4 n.28. Here, Plaintiff's counsel seek fees of $1,250,000 with lodestar of $846,685—a multiplier of 1.5. Because the requested fee is fair and reasonable, Plaintiff respectfully requests that the Court grant the fee request in full.

Finally, the Court asked that Plaintiff identify "lead counsel" for Plaintiff and the Class. Plaintiff suggests attorneys Phillip A. Bock and Alan C. Milstein as lead counsel.

Dated: December 23, 2019

Respectfully submitted,

CITY SELECT AUTO SALES, INC., individually and as the representative of a class of similarly-situated persons,

By: /s/ Alan C. Milstein

Phillip A. Bock
Jonathan B. Piper
David M. Oppenheim
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500

Alan C. Milstein
SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
East Gate Corporate Center
308 Harper Dr., Ste. 200
Moorestown, N 08057
Telephone: 856/662-0700

9

## CERTIFICATE OF E-FILING AND SERVICE

      I hereby certify that on December 23, 2019, I electronically filed the foregoing using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

                                      /s/ Alan C. Milstein