UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., a new Jersey corporation, individually and as the representative of a class of similarly situated persons,<br>　　　　　Plaintiff,<br><br>　vs.<br><br>BMW BANK OF NORTH AMERICA, INC., BMW FINANCIAL SERVICES NA, LLC, CREDITSMARTS CORP., and JOHN DOES 1-12,<br>　　　　　Defendants. | Case No. 13-cv-04595-NLH-JS<br><br>Assigned to the Hon. Noel L. Hillman<br><br>Referred to Magistrate Judge Joel Schneider<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

　　　　The Court having held a Final Approval Hearing on December 16, 2019, notice of the hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

　　　　It is hereby ORDERED, ADJUDGED AND DECREED as follows:

　　　　1.　　The Settlement Agreement and Release dated January 29, 2019, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter.  The terms and definitions of this Court's Preliminary Approval Order (Dkt. No. 163) are also incorporated by reference in this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> SETTLEMENT CLASS: All persons in the United States that were sent a facsimile advertising the goods or services of up2drive, BMW Bank of North America, BMW Financial Services NA, LLC, or BMW of North America, transmitted by Creditsmarts on or after September 1, 2012, through January 1, 2013.

Excluded from the Settlement Class are: (1) the BMW Defendants, Creditsmarts, any parent, subsidiary, affiliate, or controlled person of the BMW Defendants or Creditsmarts, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their office or firm; (3) the district and magistrate judges assigned to this Action, including their courtroom staff; (4) anyone whose claim against the Released Parties has been resolved through prior litigation; and (5) all persons who timely and validly request exclusion from the Settlement Class.

3. For purposes of settlement, Plaintiff is hereby appointed the "Class Representative."

4. For purposes of settlement, Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC and Alan C. Milstein of Sherman, Silverstein, Kohl, Rose & Podolsky, P.C. are hereby appointed as Class Counsel.

5. The Court hereby finds that the Settlement is the product of arm's-length settlement negotiations between Plaintiff and the BMW Defendants.

6. Upon the Declaration of Dorothy Sue Merryman, the Court hereby finds and concludes that Class Notice was disseminated to members of the

Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination complied with the Agreement and this Court's Preliminary Approval Order.

7. The Court further finds and concludes that the Class Notice set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, was the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

8. Upon the Declaration of Raymond A. Garcia (Doc. 164), the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

9. No objections were received.

10. No persons requested exclusion from the Settlement Class.

11. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, the Court hereby finally approves the Settlement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all

Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

12. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

13. The Court hereby approves the plan of distribution of the Settlement Awards as set forth in the Agreement. The Settlement Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards. Should any residual amount of uncashed checks be insufficient to conduct the Second Distribution, or any residual amount remain after the Second Distribution, the Court hereby approves Legal Services of New Jersey as the *cy pres* recipient.

14. This Court hereby dismisses this Action, with prejudice, without costs to any Party, except as expressly provided for in the Agreement.

15. As of the Effective Date, Plaintiff and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

16. Plaintiff and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This

permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

17. The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by the BMW Defendants, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

18. If for any reason whatsoever this Settlement fails to become effective, the certification of the Settlement Class shall be void and the Parties and the Action will return to the *status quo* as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, the BMW Defendants or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

19. In the event that any provision of the Agreement or this Final Approval Order is asserted by the BMW Defendants as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis

5

for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20. By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

21. The Court approves payment of attorneys' fees and costs to Class Counsel in the amount of $1,250,000 in fees and $35,917.01 in litigation costs. These amounts shall be paid by the BMW Defendants pursuant to the terms of the Agreement.  The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits to the Settlement Class Members. Those amounts shall be paid by the BMW Defendants pursuant to the terms of the Agreement.

22. The Court approves payment of a service award to Plaintiff in the amount of $15,000.  This amount shall be paid by the BMW Defendants pursuant to the terms of the Agreement.

23.     The Court retains jurisdiction for 180 days over this action, Plaintiff, all members of the Settlement Class, and Defendants to determine all matters relating in any way to this Final Approval Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement.  The Court further retains jurisdiction to enforce this Order.

24.     The Court finds that there is no just reason to delay the enforcement of this Final Approval Order.

**IT IS SO ORDERED.**

Dated:  January 7, 2019                              s/ Noel L. Hillman
                                                     Honorable Noel L. Hillman
                                                     United States District Judge

At Camden, New Jersey